GRIFFIN v. RAILROAD.

(Filed December 17, 1904).

1. INSTRUCTIONS—*Negligence—Evidence.*

Where, in an action for injuries to a passenger in alighting from a train there was no evidence that plaintiff was commanded or invited by the porter to alight while the train was in motion, it was error to charge that if plaintiff attempted to jump from the train as it was moving into a station, and was injured, he could not recover, unless he "was commanded or invited by the porter to alight from the train while it was in motion."

2. INSTRUCTIONS—*Negligence—Evidence.*

Where a train was standing still when the porter requested plaintiff to alight, an instruction that if the porter invited or commanded plaintiff to get off when the train was moving, and plaintiff, in obedience to such invitation, attempted to alight, and was injured, he was entitled to recover, was error.

Petition to rehear this case, reported in 134 N. C., 101.

*Claude Kitchin, W. E. Daniel* and *E. L. Travis,* for the defendant.
*Day & Bell* and *G. B. Elliott,* in opposition.

MONTGOMERY, J.   This case is before us again on a petition to rehear.   The petition must be dismissed, whatever might be the opinion of the Court upon the matter discussed therein, for the reason that there was a serious error in the trial below and one which we were not inadvertent to when the case was originally heard in this Court.   It is this: The defendant amongst other things asked the Court to instruct the jury that "ordinarily it is negligence to jump from a moving train, and if the jury find from the evidence that the plaintiff attempted to jump from the defendant's train as it was moving into the station at Palmyra, and was injured in so attempting to jump off, then you will answer the first

issue 'No.'" His Honor repeated this instruction to the jury, but added the words "unless the plaintiff was commanded or invited by the porter to alight from the train while it was in motion." The instruction as it was asked ought to have been given, without the modifying or qualifying language which followed. There were witnesses who testified that they saw the plaintiff jump off the car while it was going three or four miles an hour and before it reached the station. The qualification which his Honor added had no evidence to support it. There was an allegation in the complaint that the porter invited or told the plaintiff to get off when the train had nearly stopped, and was moving very slowly, but the plaintiff in his evidence testified over and over again that when the porter spoke to him to get off the car had stopped.

The same error was repeated by his Honor in his charge in chief when he told the jury: "If you find from the evidence, the burden of proof being upon the plaintiff, that the plaintiff purchased a ticket from Kelford to Palmyra from the defendant's agent at Kelford; that he entered the defendant's train at Kelford as a passenger and as such rode upon the defendant's train to Palmyra; that shortly before the train reached the station at Palmyra, the porter announced the station; that the plaintiff then left his seat and walked to the door of the car and stood in the door until the car he was on passed the station; that as the car the plaintiff was on passed the station, the porter invited or commanded the plaintiff to get off; that the train was then moving, and that the plaintiff in obedience to the command or invitation of the porter attempted to alight from the train and was thrown to the ground and injured, you should answer the first issue 'Yes.'" The train was not in motion. It was standing still. It could not have been negligence therefore on the part of the defendant if the porter had asked the plaintiff to alight when the car was standing still. But under the instruction of his Honor the

jury were left to consider the defendant's negligence, on the theory that the porter had asked the plaintiff to alight when the train was in motion.

Petition Dismissed.